IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EVERETT D. NOBLIN                                        PLAINTIFF

    v.                        Case No. 03-5168

UNUM LIFE INSURANCE COMPANY
OF AMERICA                                              DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

Now on this 22nd day of August, 2011, this case comes on for consideration and decision.  The Court, being well and sufficiently advised, finds and orders as follows:

<u>BACKGROUND</u>

Plaintiff brought this action against Unum Life Insurance Company of America ("Unum") pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging Unum's decision denying him long-term disability benefits.

Plaintiff worked for Franklin Electric Company, Inc. ("Franklin Electric") for approximately thirty years.  Plaintiff stopped working on November 12, 1999, due to abdominal pain, fatigue and dehydration.  Plaintiff has a history of ulcerative colitis.

Plaintiff applied for benefits under a long-term disability policy issued by Unum to the policy holder, Franklin Electric (the "Policy").  Unum is the claims administrator of the plan.

1

Plaintiff submitted a claim for long-term disability benefits that was received by Unum on April 21, 2000.  On July 27, 2000, Unum notified plaintiff by letter that it would not approve benefits because it had determined that there was no objective medical evidence to support plaintiff's claim that he was disabled as defined by the Policy.  Unum advised plaintiff that he had 90 days to appeal the decision to deny benefits.

On February 22, 2011, plaintiff's attorney forwarded medical records and requested that Unum "consider [its] previous denial of benefits on this claim."

On April 13, 2001, Unum denied the request as untimely and upheld its earlier denial of benefits.  Plaintiff made additional requests for reconsideration, however, Unum denied plaintiff's requests as untimely and upheld its original decision to deny benefits.

Plaintiff filed this case on July 28, 2003, and thereafter the parties submitted the administrative record and filed briefs.  On March 21, 2005, the parties filed a Stipulation for Stay of Litigation.  The reason for the stay was that Unum had agreed, as part of a multi-state settlement with insurance regulators, to conduct reassessments of certain claims that had been denied. Plaintiff chose to participate in this reassessment process and asked the Court to stay this case pending the outcome of the reassessment of his claim.

Thus, pursuant to the parties' stipulation, the Court entered a stay of this action and administratively terminated this case on March 25, 2005.

As part of the reassessment process, Unum reviewed plaintiff's original claim as well as additional information received with the reassessment.  In a letter dated February 8, 2007, Unum advised plaintiff that it had determined that its original decision to deny plaintiff's claim was appropriate.

On March 26, 2009, plaintiff filed a motion to reopen the case and, on April 15, 2009, the Court granted the motion and reopened the case.  Thereafter, the parties filed supplements to the administrative record and filed their supplemental briefs.  The Court has reviewed the parties briefs and supplemental briefs as well as the administrative record filed in this case.  This matter is ripe for the Court's decision.

## Discussion

1. **Timeliness of plaintiff's lawsuit**

Unum asserts that this lawsuit was filed outside the contractual limitations set out in the Policy and, thus, the case should be dismissed as untimely.  Specifically, under  the Policy, a claimant or the claimant's authorized representative cannot start any legal action "more than three years after the time proof of claim is required."  A proof of claim must be provided to Unum "no later than 90 days after the end of the elimination period."

3

Pursuant to the Policy, the elimination period is 180 days; thus, the elimination period was from November 12, 1999, through May 10, 2000.  Therefore, under the Policy, plaintiff was required to submit his proof of claim no later than August 8, 2000 (which is 90 days after the end of the elimination period).  Unum received plaintiff proof of claim on April 21, 2000.  There is no question that the proof of claim was submitted timely.

Plaintiff filed his lawsuit on July 28, 2003, which was within three years after the time his proof of claim was required. Therefore, plaintiff's lawsuit was timely filed.

2.  **Exhaustion of administrative remedies**

Second, Unum asserts that plaintiff failed to timely appeal the initial decision denying benefits and, thus, the case should be dismissed for failure to exhaust administrative remedies. Plaintiff argues that the Court should excuse the exhaustion requirement in this case because compliance would be futile.

(a)  "In this circuit, benefit claimants must exhaust [the benefits appeal] procedure before bringing claims for wrongful denial to court."  *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009) *(quoting Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001))); *see also Angevine v. Anheuser-Busch Cos. Pension Plan*, 2011 U.S. App. LEXIS 14989 at *5 (8th Cir. July 22, 2011)(*citing Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010)).  "Indeed,

4

where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred. *Midgett*, 561 F.3d at 898. (internal quotation marks, brackets and citation omitted).

> This judicially created exhaustion requirement serves many important purposes, including "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits.

*Angevine*, 2011 U.S. App. LEXIS 14989 at *5 (*quoting Galman*, 254 F.3d at 770).

Courts excuse the exhaustion requirement "only when pursuing an administrative remedy would be futile or there is no administrative remedy to pursue." *Angevine*, 2011 U.S. LEXIS 14989 at *5 (*citing Brown v. J.B,. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009)).

"The futility exception is narrow – the plan participant must show that it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision." *Brown*, 586 F.3d at 1085 (internal quotation marks and citations omitted).

However, if a claimant shows that the insurer failed to comply with its obligation under 29 U.S.C. § 1133 to provide "a reasonable opportunity . . . for a full and fair review" of its decision,

then he may be excused from the requirement to exhaust administrative remedies.

(b)  Here, plaintiff argues three reasons why he should be excepted from the exhaustion requirement.  First, plaintiff says that Unum did not provide him with a "a reasonable opportunity . . . for a full and fair review."  Second, although not properly labeled as such, plaintiff argues that Unum should be estopped from enforcing the exhaustion requirement.  Third, plaintiff argues that exhaustion of administrative remedies would be futile.  The Court will now address each of these issues in turn.

(i)  **Did Unum provide a reasonable opportunity for a full and fair review?**

On July 27, 2000, Unum sent plaintiff its initial letter notifying him of the decision to deny benefits.  In the letter, UNUM advised plaintiff as follows:

> If you do not agree with our decision, you may have it reviewed.  Should you desire a review, you must send a written request, within 90 days of the date of this letter. . . .
>
> * * *
>
> If Unum does not receive the written request within 90 days of this letter, our claims decision will be final.

Plaintiff's next communication to Unum was on February 22, 2001, when his attorney requested that Unum "consider [its]

6

previous denial of benefits on this claim." It is undisputed that plaintiff did not appeal Unum's decision within 90 days.[1]

On April 13, 2001, Unum notified plaintiff that "[y]our present request for review is beyond this 90 day deadline. Because of the untimeliness of your request, we cannot review your client's claim and must uphold the denial of benefits."

Plaintiff asserts that the 90 day requirement is unreasonable. To support his argument, plaintiff cites to *Price v. Xerox Corp.*, 445 F.3d 1054 (8th Cir. 2006) where the Eighth Circuit recognized that a claimant must have at least 180 days to appeal an adverse benefits decision as set forth in 29 C.F.R. § 2560-503-1(h)(3)(I).

As Unum points out, § 2560-503-1(h)(3)(I) by its own terms only applies to claims filed on or after January 1, 2002. *See* 29 C.F.R. § 2560-503-a(o)(1). Thus, because plaintiff's claim was filed on April 21, 2000, the 180-day requirement did not apply to plaintiff's claim.

---

[1]     ERISA requires that every employee benefit plan establish and maintain reasonable procedures governing claim review procedures. *See Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability*, 111 F.3d 67, 70 (8th Cir. 1997). "[A]ny plan claim review procedure that meets the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560-503-1(f) and (g) will trigger the judicially imposed duty to exhaust that remedy." *Id.* at 70. Unum contends that plaintiff was obligated to appeal the denial within 90 days, as set out in the initial denial letter. The record does not, however, contain any plan document that sets out a claim review procedure that requires a claimant appeal within 90 days. Because plaintiff has not contested that the plan had such a requirement, the Court assumes that such a requirement did, in fact, exist.

Nevertheless, even if Unum was obligated to provide plaintiff with 180 days to appeal, plaintiff did not appeal Unum's initial decision denying benefits until February 22, 2001, which was 210 days after the adverse benefits decision.

Thus, the Court finds that Unum did provide plaintiff with a "a reasonable opportunity . . . for a full and fair review." The Court now turns to the question of whether plaintiff has proffered sufficient facts to show that he should be excused from exhaustion of that review process.

(ii) **Is Unum estopped from arguing that plaintiff failed to exhaust administrative remedies?**

Plaintiff argues that he did not timely appeal Unum's decision to deny benefits because he relied on a representation that he had to apply for and receive Social Security Disability benefits in order to be eligible for long-term disability benefits under Franklin Electric's plan. Although plaintiff couches this argument as an issue of futility, this is an estoppel argument. Because the Court must take care to "refrain from focusing on the facial label [plaintiff] places upon [his] argument while ignoring its substance," the Court will consider whether Unum is estopped from asserting the defense of exhaustion. *Brown*, 586 F.3d at 1085.

"The principle of estoppel declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny that representation." *Chorosevic*, 600 F.3d at 942 (internal quotation

8

marks and citation omitted).  The Eighth Circuit has indicated that an estoppel argument can preclude the affirmative defense of failure to exhaust when the claimant relies to his detriment on written misrepresentations by the insurer or plan administrator. *See Chorosevic*, 600 F.3d at 944 (citing cases).

Here, plaintiff points to a December 8, 1999, letter from Bill Lamphear, Employee Relations Supervisor for Franklin Electric, in which Mr. Lamphear states the following:

> This letter confirms the discussion we had last week over the phone regarding your long-term disability benefit from Franklin.  As I mentioned during our last conversation, you must apply for, and receive Social Security Disability benefits in order to be eligible for Franklin's plan.

The problem with plaintiff's argument is that this representation did not come from Unum.  The representation came from Franklin Electric and there is no evidence that Unum authorized the statement or even knew about it at the time.  Thus, plaintiff cannot use the doctrine of estoppel to bar Unum from asserting the defense of failure to exhaust when there is no evidence that Unum made any misrepresentation to plaintiff.

Further, in order for the principle of estoppel to apply, the reliance has to be reasonable.  Plaintiff says that he received the above letter from Franklin Electric on or about December 8, 1999.  However, plaintiff went ahead and applied for long-term benefits (even though he had not received Social Security benefits yet).  Thus, it appears from plaintiff's action in making a claim for

long-term benefits with Unum that he did not believe that he had to receive Social Security Disability benefits in order to be eligible for Franklin Electric's plan.

Further, plaintiff was advised by Unum in its July 27, 2000, letter that his claim was being denied for lack of medical support -- not because he had not yet received Social Security disability benefits. Finally, Unum advised plaintiff that he had 90 days to appeal the decision. Based on these facts, the Court finds that plaintiff cannot show that his reliance on the December 8, 1999, letter from Franklin Electric as a reason to not appeal Unum's decision was reasonable. Therefore, the Court finds that estoppel does not preclude Unum from asserting the defense of failure to exhaust administrative remedies.

### (iii) **Did plaintiff show that pursuing the appeals process would have been futile?**

Plaintiff argues that he "pursued every administrative remedy available to him." The Court disagrees. Plaintiff did not pursue the appeals process. Although plaintiff attempted to appeal, his requests were untimely.

Plaintiff further argues that pursuing his administrative remedies would have been futile. As evidence of futility, plaintiff points to the fact that Unum denied his claim when he resubmitted it as part of the claims reassessment process. Thus, plaintiff argues that, because his claim was denied in the

reassessment process, that denial shows that it would have been futile for him to exhaust his administrative remedies.

Unum asserts that "futility is not established simply because of reassessment." In support of its position, plaintiff cites to *Warner v. Unum Life Ins. Co. of Am.*, 2009 U.S. Dist. LEXIS 1009, at *8-9 (E.D. Mo. Jan. 8, 2009). In *Warner*, the plaintiff argued that she had already been denied benefits and she did not see any reason to believe that Unum would change its decision. The court in *Warner* noted that plaintiff had submitted a claim pursuant to the reassessment process, but she had not properly pursued it because she had not provided Unum with the additional material it requested.[2] The court then held that:

> [t]he details of Warner's attempts to pursue her rights under the settlement (or lack thereof) are immaterial, however, because the real issue is futility. Warner has failed to produce evidence of even a likelihood her appeal would have been futile. As a result, I find that Warner has not excused her failure to exhaust her administrative remedies under the Unum policy.

*Warner*, 2009 U.S. Dist. LEXIS 1009 at *10.

*Warner* is distinguishable from the present facts because there is no evidence in the record that plaintiff failed to properly

---

[2] The Court in *Warner* describes the claims reassessment process as a program that was part of a regulatory settlement agreement that was reached by Unum, the Department of Labor and state insurance regulators. Although the parties have not provided the Court with any information about the claims reassessment process in which plaintiff participated, the Court assumes that it was the same or similar to the one referenced in *Warner*. *Id.*, 2009 U.S. Dist. LEXIS 1009, at *5.

11

pursue the claims reassessment process. The record shows that, in this case, plaintiff provided additional information to Unum as part of the reassessment process. Thus, the outcome of the reassessment process is some evidence that Unum would have denied plaintiff's claim had he timely appealed the denial of benefits. Therefore, the decision in *Warner* does not provide the Court with much guidance in this case.

The Court has found no Eighth Circuit decision directly on point with what appear to be the facts of this case. However, the applicable law is clear on the proposition that plaintiff bears the burden of proving that his case falls within the "narrow" exception of futility.

Plaintiff has come forward with no evidence to show any agreement between the parties that participation in the reassessment process would cure plaintiff's prior failure to exhaust his administrative remedies. Nor does he provide any evidence to suggest that Unum's appeal process was a sham with no possibility that his claim might be honored. Thus, although plaintiff's claim was denied on February 8, 2007 -- after the reassessment process -- it does not necessarily follow that it was "certain" his claim would have been denied if he had timely pursued his appeal remedies in 2000 when his original claim was denied. Thus, for the foregoing reasons, the Court finds that plaintiff has failed to demonstrate futility. Because plaintiff failed to pursue

12

and exhaust his administrative remedies, his claim for relief is barred.  *See Midgett*, 561 F.3d at 898.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, plaintiff's complaint is **DISMISSED.**

**IT IS SO ORDERED.**


<u>**/S/JIMM LARRY HENDREN**</u>
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

13